DUFRESNE, Judge.
The plaintiff, Black Rogers & Company, Inc., filed suit against its former employee, Donald W. Pope, seeking to enforce a promissory note executed by Pope. On February 25, 1983, Black Rogers employed Pope as an insurance salesman/broker. The terms of the employment relationship were set forth in a letter from Black Rogers to Pope. In accordance with the agreement, Pope was paid on a commission basis receiving a percentage of the commissions received by Black Rogers and was given a drawing account against commissions up to a maximum of $3,500.00 per month.
By January 1984, Pope’s draws exceeded his commissions by $21,601.49. Black Rogers requested Pope to execute a promissory note representing the amount by which his draws exceeded his commissions. On January 10, 1984, Pope signed a promissory note payable on demand to the order of Black Rogers in the amount of $21,601.49, and an addendum to the note.
On May 11, 1984, Pope was terminated as a salesman/broker with Black Rogers when his accounts failed to generate commissions sufficient to repay this indebtedness. Afterwhich, Black Rogers instituted suit against Pope seeking enforcement of the note, interest, costs and attorney’s fees, less any commissions received and credited to Pope’s account. Pope reconvened alleging unfair trade practices.
*1175 After trial, the trial court reasoned that Pope was an employee and joint venturer, and that since the employment agreement failed to provide what should occur if Pope was terminated prior to repayment of the promissory note, and since there was no express provision making Pope personally liable, then Pope should not be held personally liable for repayment of the note. Additionally, the trial court dismissed Pope’s reconventional demand and found that he failed to carry his burden of proving unfair trade practices.
From this judgment Black Rogers has appealed and urges that the trial court erred in its findings that Pope was not personally liable on the note.
Pope argues that the employment agreement entered into on February 25, 1983, between he and Black Rogers is void of any suggestion or implication that he was obligating himself to repay, out of his personal assets, any amount advanced as a draw against commissions. Pope testified that in late 1983, Black Rogers unilaterally perfected several modifications to the original employment agreement, and he had no pri- or knowledge of these changes, but felt he had to accede to them because of family and financial difficulties he was experiencing and to retain his employment.
Pope contends that given the option of unemployment, without the opportunities for other work, he signed the documents prepared by Black Rogers on January 10, 1984.
The testimony of witnesses indicates that the addendum was considered by the parties as part of the note.
The addendum provides, in Paragraph I, Black Rogers’ and Pope’s agreement as to liquidation of the alleged indebtedness. At no time prior to January 10,1984, had Pope been aware that Black Rogers felt an indebtedness was owed. In fact, Paragraph I is entitled “Agreement as to Liquidation of Indebtedness.” Paragraph I of the addendum provides that Black Rogers would accept repayment of the note by crediting amounts received under “Solicitor Code No. 140.” A list of customers was attached to the addendum which set forth the names of the accounts considered under Solicitor Code No. 140.
Paragraph II of the addendum clearly provides that Pope would be entitled to retain all other commissions earned by him and written through Black Rogers. Thus, he would be entitled to all commissions, other than those specifically assigned to the “Solicitor Code No. 140” account.
Pope further argues that Paragraph II of the addendum is void of any reference to his assumption of personal financial responsibility beyond assignment of the accounts to be included in “Solicitor Code No. 140” for repayment of the note.
The law in this state governing this situation is well settled. “An excess of advances to an employee over actual commissions or profits earned cannot be recovered by the employer in the absence of an express or implied agreement by the employee to repay such expenses.” Jordan Stationers & Printers, Inc. v. Pharis, 406 So.2d 258 (La.App. 3rd Cir.1981).
Furthermore, agreements legally entered into have the effect of law on those who have formed them and the courts are bound to give legal effect to such contracts according to the true intent of the parties. LSA-C.C. arts. 1901, 1945 and 1963. The intent of the parties is to be determined by the words of the contract and when these are clear and explicit, the terms of the contract must prevail.
The employment agreement of February 25, 1983 and the subsequent agreements entered into by the parties do not explicitly set forth that Pope would be held personally responsible for the repayment of any excess of draws over his commissions which was apparently evidenced by the January 10, 1984 promissory note.
The addendum to the note modified the promissory note and specifically provided a method for liquidation of the indebtedness. It does not contain any language which could be construed to impose personal financial liability upon Pope.
We agree with the trial court, that if there exists an ambiguity in the doc *1176 uments, such complaints shall be interpreted against the author. LSA-C.C. art. 1958.
As in any factual dispute, the testimony of the witnesses is in conflict. The trial court is in the best position to evaluate the testimony of the witnesses before it. Canter v. Koehring Company, 283 So.2d 716 (La.1973). We will not disturb the factual findings of the trial court where there is a conflict in the testimony unless a review of the entire record reveals that the decision of the trial court is manifestly erroneous. Canter, above and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Based on the review of the entire record and more particularly the note and addendum of January 10, 1984; we find the judgment of the trial court consistent with the evidence. There is no express agreement which makes Pope personally liable.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s costs.
AFFIRMED.